888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cleophus VERNON, Defendant-Appellant.
 No. 88-7789.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 19, 1989.
Decided Oct. 25, 1989.
 
 Cleophus Vernon, appellant pro se.
 Joseph Sedwick Sollers, III, Office of the United States Attorney, for appellee.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cleophus Vernon appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion which attacked his 12-year prison sentence and fine of $5,000 imposed after he pleaded guilty to the charge of conspiracy to manufacture, possess, and distribute 500 grams of phencyclidine (PCP) in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 Vernon alleged that some of the information in his presentence investigation report (PSI) was false and that his attorney was ineffective in failing to object to the allegedly false data. Vernon would be entitled to relief on these grounds if he could prove the district court relied on materially false information to determine his sentence. Townsend v. Burke, 334 U.S. 736 (1948). Our review of the record, and in particular the prior proceedings on Vernon's Rule 35 motion and motion to reconsider the denial of Rule 35 relief, reveals that Vernon has failed to show that the PSI contained materially false data or that the district court relied on material misinformation to determine his sentence. Since the district court did not rely on materially false information, it follows that Vernon's counsel was not prejudicially ineffective in failing to object to the report at sentencing. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 3
 Vernon also contends that the district court's consideration at sentencing of his noncooperation violated his fifth amendment rights, and that its consideration of a prior conviction violated Fed.R.Evid. 609. The district court could properly consider Vernon's noncooperation, and Fed.R.Evid. 609 has no application to sentencing proceedings.
 
 
 4
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.[1]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 We have considered the points raised in Vernon's supplemental brief and find that those points are without merit